IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TARAS KERR, SID # 813913, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| vs. § | | CIVIL NO. |
| § | | SA-19-CA-398-DAE |
| SHERIFF JAVIER SALAZAR and § | | |
| UNIVERSITY HEALTH SYSTEM, § | | |
| § | | |
| *Defendants.* § | | |

## SHOW CAUSE ORDER

Before the Court is the Civil Rights Complaint [#1] filed by the plaintiff, Taras Kerr ("Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff is ordered to file an amended complaint clarifying his allegations and, to the extent possible, curing the Complaint's legal deficiencies, which are described below.

### I.     Legal Standard

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that the action is (i) frivolous or malicious or (ii) fails to state a claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)

1

(internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under § 1915A(b)(1) and § 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

## II. Deficiencies in Plaintiff's Complaint

Plaintiff is in the custody of the Bexar County Adult Detention Center ("BCADC"). In his § 1983 Complaint, Plaintiff alleges: On April 7, 2018, while in the custody of the Bexar County Sheriff's Department, he was taken to the University Health System (UHS) hospital for treatment for multiple gunshot wounds, including surgery to his intestines and colon. Plaintiff continued to suffer pain and discomfort. Approximately 97 days later, Plaintiff was admitted to the UHS hospital where it was determined the first surgery had resulted in a bowel blockage and Plaintiff underwent a second surgery. Plaintiff complains that when he was released to BCADC, the medical staff failed to timely change his bandages.

2

Plaintiff purports to sue Bexar County Sheriff Javier Salazar and University Health System seeking $7,500,000 damages for negligence and malpractice.

As is explained above, an IFP plaintiff's complaint is considered frivolous and is subject to dismissal if it fails to state a claim on which relief can be granted. In this case, Plaintiff's claims currently have the following deficiencies:

**a. Plaintiff's Complaint fails to allege Sheriff Salazar was personally involved in the matters he complains of.**

To state a claim against a defendant under § 1983, a plaintiff must allege the defendant was personally involved in the actions plaintiff complains of or is responsible for the policy or custom giving rise to the constitutional deprivation. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *McConney v. Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F.2d 610, 615 (5th Cir. 1981), *cert. denied*, 456 U.S. 918 & 919 (1982). An employer cannot be held liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs someone who commits a tort. *Monell v. Dep't Soc. Servs. City New York*, 436 U.S. 658, 691 (1978). Sheriff Salazar is not a health care provider and it does not appear that Plaintiff is alleging that he was involved in Plaintiff's medical treatment. In response to this Order, Plaintiff should clarify whether he is alleging that Sheriff Salazar was personally involved in his medical treatment or otherwise involved in the violation of his constitutional rights; if so, he should provide detailed allegations regarding his involvement.

**b. Plaintiff fails to allege facts that would support a claim against Bexar County or UHS.**

A county or municipality is not strictly liable for the acts of its employees or officers but is liable for acts pursuant to official policy or custom; therefore, to establish liability on the part of

3

a county or municipality, a plaintiff must demonstrate a policy or custom that caused the alleged constitutional deprivation. *See Monell v. Dept. Soc. Servs. City New York*, 436 U.S, 658, 690-91 (1978). This same standard applies to local government instrumentalities such as UHS, which is owned by Bexar County. *See Brown v. Bexar County Hospital District d/b/a UHS*, No. SA-15-CA-123-XT, 2015 WL 3971388 at **4-5 (W.D. Tex., June 30, 2015). Generally, a single incident is inadequate to impose liability on a municipality or county unless the incident was caused by an unconstitutional policy. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). In response to this Order, Plaintiff should provide details and specific facts that would support a claim Bexar County or UHS were responsible for an unconstitutional custom, practice, or policy that harmed or injured him.

**c. Plaintiff failed to allege facts that would support a claim for deliberate indifference to his serious medical needs.**

For a prisoner to state a claim for the denial of adequate medical attention, the prisoner must allege the defendants were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103 (1978). Deliberate indifference is a high standard; the prisoner must show he has or had a serious medical condition and the prison officers or authorities knowingly ignored his complaint, refused to provide him care, or deliberately mistreated him. *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755-56 (5th Cir. 2001). An incorrect diagnosis, unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference, "nor does a prisoner's disagreement with his medical treatment, absent extraordinary circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). This deliberate indifference standard is applicable to both convicted prisoners and pre-trial detainees. *See Hare v. Corinth*, 74 F.3d 633, 639, 647-48 (5th Cir. 1996).

In his Complaint, Plaintiff acknowledges that he received medical attention. But he contends he received negligent treatment and that Defendants committed malpractice. Mere negligence will not give rise to § 1983 liability for constitutionally inadequate medical care. *See Gobert*, 463 F.3d at 346. As was explained, the standard for liability in this context is higher than in the malpractice context. Plaintiff has alleged that Defendants failed to timely change his bandages. In response to this Order, he should clarify any other aspect of his medical care that he contends was inadequate. He should specifically state who was responsible for each incident of allegedly inadequate medical care (for instance, the failure to change his bandages). Further, he should clarify whether he was injured by any allegedly deficient care, and if so, he should describe those injuries.

### III. Right to Amend

Before dismissal of his Complaint, Plaintiff is entitled to amend to attempt to cure any deficiencies. *See Neitzke*, 490 U.S. at 329. Therefore,

**IT IS ORDERED that within twenty-one days of the date of this Order**, Plaintiff must show cause why his Complaint should not be dismissed pursuant to §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1), for failure to state a non-frivolous claim, by **filing an amended complaint** (of no more than twenty (20) pages) that cures these deficiencies. Plaintiff should present his amended claims by using the § 1983 complaint form, as he did before. **The Clerk of Court is directed to provide Plaintiff with another copy of the Section 1983 form.**

If Plaintiff fails to comply with this Order, his Complaint can also be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

SIGNED this 27th day of June, 2019.

                                                ELIZABETH S. ("BETSY") CHESTNEY
                                                UNITED STATES MAGISTRATE JUDGE